IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–44–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SONJIA MICHELLE MUNNERLYN, | |
| Defendant. | |

Before the Court is Defendant Sonjia Michelle Munnerlyn's Motion for Early Termination of Supervision. (Doc. 89.) Ms. Munnerlyn pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and, on April 25, 2019, was sentenced to a custodial sentence of 24 months, followed by 5 years of supervised release. (Doc. 78.) Ms. Munnerlyn began her period of supervised release in July 2020. (Doc. 90 at 3.) Ms. Munnerlyn now seeks the premature termination of her remaining term of supervised release, which is set to terminate in July 2025. (*Id.*) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (*Id.* at 4.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Ms. Munnerlyn began her five-year term of supervised release on July 16, 2020, rendering her statutorily eligible for the premature termination of her remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Ms. Munnerlyn's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Ms. Munnerlyn waives it, or if the proposed modification is favorable to her and the United States' does not object. The premature termination of Ms. Munnerlyn's supervised release is obviously favorable to her, and the United States does not object. (Doc. 89 at2.) Accordingly, the Court will dispose of this matter without a hearing.

2

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Ms. Munnerlyn's remaining term of supervised release. Ms. Munnerlyn's supervising probation officer indicates that Ms. Munnerlyn has "remained in complete compliance with her supervised release" and informs the Court that Ms. Munnerlyn "has made great changes in her life." (Doc. 90 at 4.) Ms. Munnerlyn has completed all treatment programs, met her financial obligations, and has maintained employment. (*Id.*)

Accordingly, IT IS ORDERED that the motion (Doc. 89) is GRANTED.

IT IS FURTHER ORDERED that Ms. Munnerlyn's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 10th day of May, 2023.

Dana L. Christensen, District Judge
United States District Court